OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
Is a girdle a burglar’s tool or is that stretching the plain meaning of section 140.35 of the Penal Law? This elastic issue of first impression arises out of a charge that the respondent shoplifted certain items from Macy’s Department Store by dropping them into her girdle.
Basically, Corporation Counsel argues that respondent used her girdle as a kangaroo does her pouch, thus adapting it beyond, its maiden form.
The Law Guardian snaps back charging that with this artificial expansion of section 140.35’s meaning, the foundation of Corporation Counsel’s argument plainly sags. The Law Guardian admits that respondent’s tight security was an attempt to evade the store’s own tight security. And yet, it was not a tool, instrument or other article adapted, designed *849 or commonly used for committing or facilitating offenses involving larceny by physical taking. It was, instead, an article of clothing, which, being worn under all, was, after all, a place to hide all. It was no more a burglar’s tool than a pocket, or maybe even a kangaroo’s pouch.
The tools, instruments or other articles envisioned by section 140.35 of the Penal Law are those used in taking an item and not in hiding it thereafter. They are the handy gadgets used to break in and pick up, and not the bags for carrying out. Such is the legislative intent of this section, as is evident from the Comments of the Temporary Commission on Revision of the Penal Law (4th interim report, 1965, art 140, § 140.35, p 35) which reads in relevant part: "The new section, by reference to instruments 'involving larceny’ * * * expands the crime to include possession of numerous other tools, such as those used for breaking into motor vehicles, stealing from public telephone coin boxes, tampering with gas and electric meters, and the like.” (Emphasis added.)
The court has decided this issue mindful of the heavy burden that a contrary decision would place upon retail merchants. Thus is avoided the real bind of having customers check not only their packages, but their girdles too, at the department store’s door.
The court must also wonder whether such a contrary decision would not create a spate of unreasonable bulges that would let loose the floodgates of stop and frisk cases, with the result of putting the squeeze on court resources already overextended in this era of trim governmental budgets.
Accordingly, the instant allegation of possession of burglar’s tools is dismissed.