OPINION OF THE COURT
Isidore Levine, J.
Respondent has been charged with grand larceny (Penal Law, § 155.35); criminal possession of stolen property (Penal Law, § 165.50); and unauthorized use of a vehicle (Penal Law, § 165.05).
Petitioner moved this court, on April 16, 1981, for leave to amend the petition to include three additional charges against respondent: petit larceny (Penal Law, § 155.25); possession of burglar’s tools (Penal Law, § 140.35); possession of stolen property in the third degree (Penal Law, § 165.40). Respondent submitted an answering affirmation and cross application for dismissal, and petitioner submitted a reply affirmation which includes a further motion to amend. All of the pleadings and proceedings had herein. have been considered in reaching the court’s decision.
The first issue to be addressed in deciding this motion to amend is whether CPL 100.45 (subd 3) is applicable as *739 contended by petitioner, or whether CPL 100.45 (subd 2) is the appropriate subdivision as posited by the respondent. The former subdivision applies to amendment of an information, while the latter subdivision applies to amendment of a prosecutor’s information. Therefore, application of the appropriate subdivision depends on the classification of a juvenile delinquency petition as analogous to an information or prosecutor’s information, which appears to be an issue of first impression.
These terms are defined in CPL 1.20. An information is a verified accusation by a person, while a prosecutor’s information is such an accusation by a District Attorney. The information initiates a criminal action and is the basis for prosecution, while a prosecutor’s information serves as a basis for prosecution. Amendment of a prosecutor’s information invokes the section for amendment of an indictment by a Grand Jury (CPL 200.70). A prosecutor’s information is further defined in CPL 100.35 as being in the form of an indictment. This court holds that a juvenile delinquency petition is not akin to a prosecutor’s information (or indictment) but is tantamount to an information. Therefore, CPL 100.45 (subd 3) is the relevant section for amendment of a juvenile delinquency petition.
CPL 100.45 (subd 3) allows amendment of the instrument before trial to include additional charges if the new charges are supported by the factual allegations already contained in the instrument. In the case at bar, two of the additional charges are supported by the facts alleged in the petition, petit larceny and possession of stolen property in the third degree.
The third additional charge, possession of burglar’s tools, is not supported by the facts alleged. The petition alleges that respondent removed complainant’s car keys and took his car. Petitioner contends that complainant’s car keys are a burglar’s tool. This court finds that the keys do not fall within the language or intent of section 140.35 of the Penal Law, which defines a burglar’s tool as: “any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses”. In People v Alvarez (86 Misc 2d 654) the key to a specific apartment, though not allegedly stolen as here, was used to burglarize *740 that apartment. The court held the key was not a burglar’s tool, because it was not adapted to commit an offense; it was used in the normal manner and was not a burglar’s tool. The car keys in this case were allegedly stolen and are therefore the subject of the charges of petit larceny and possession of stolen property in the third degree, but they are not a burglar’s tool under section 140.35 of the Penal Law. Therefore, that charge may not be added to the petition.
Now we turn to respondent’s cross application for dismissal. Respondent insists that the petition must be dismissed, because of alleged noncompliance with CPL 100.40 (subd 1, par [b]). The section respondent must have intended to cite is CPL 100.40 (subd 1, par [c]), because that is the section from which he derives the requirement for nonhearsay statements in support of the allegations. That section does require nonhearsay support for “every element of the offense charged and the defendant’s commission thereof.”
In this case, the petition is supported by the sworn deposition of the arresting officer whose statement says that he observed respondent in possession of a car reported stolen. Respondent is correct in stating that this depositen does not mention the car keys, though the petition does. We need not reach a decision as to whether the arresting officer’s sworn deposition is sufficient support of the petition to satisfy CPL 100.40 (subd 1, par [c]) for the following reason.
Petitioner’s reply affirmation includes a motion to amend by adding to the petition a sworn deposition of the complaint, owner of the allegedly stolen car and keys. This motion cites CPL 170.35 (subd 1, par [a]) which says a criminal instrument is defective when: “It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend”. This section leaves no discretion in the court: amendment must be allowed where such amendment is requested by the people and will cure the defect. The *741 People have so moved in this case, and the defect alleged by respondent under CPL 100.40 will be cured by the addition of the complainant’s sworn statement that he did not give, or authorize another to give, permission for respondent to take, possess, use, or damage his car or the keys thereto. These nonhearsay allegations in conjunction with the sworn deposition of the arresting officer satisfy CPL 100.40 (subd 1, par [c]). Therefore, petitioner will be allowed to annex the complainant’s sworn statement to the petition, pursuant to CPL 170.35 (subd 1, par [a]).
Petitioner’s motions to amend are granted to the extent that it is hereby ordered that the petition be amended to add the charges of petit larceny (Penal Law, § 155.25) and possession of stolen property in the third degree (Penal Law, § 165.40) and to annex thereto the sworn deposition of the complainant. Respondent’s cross application to dismiss is denied.
During the pendency of this motion, the trial date was adjourned. If a further adjournment is deemed necessary by respondent such motion should be made before the Trial Judge. This case remains on the calendar for May 22,1981, in Part III.