■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD T. BAER, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: Defendant appeals from his convictions for burglary, third degree, petit larceny, and possession of burglar's tools arising from an incident in which he allegedly stole a television from a private room in a rooming house. He entered the room not by force but by use of a duplicate room key apparently stolen from the building manager. The key was found on his person when he was arrested. With respect to the first two counts, burglary, third degree, and petit larceny, we reject defendant's argument that the evidence, which was circumstantial, did not "exclude 'to a moral certainty' every conclusion other than guilt" (*People v Kennedy,* 47 NY2d 196, 202, quoting *People v Benzinger,* 36 NY2d 29, 32, and *People v Cleague,* 22 NY2d 363, 365-366). With respect to charge three, possession of burglar's tools, we agree with defendant that the key to the room cannot be a burglar's tool. The only issue is whether the key, innocent in itself and used in its normal manner, is a "tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses * * * involving larceny by a physical taking" (Penal Law, § 140.35). The key is not adapted or designed for criminal purposes and, as used here, cannot be said to be "commonly used

for committing or facilitating offenses * * * involving larceny by a physical taking" (cf. *Matter of Charlotte K.,* 102 Misc 2d 848; see, generally, *Matter of Parsons,* 108 Misc 2d 738, 739-740; *People v Alvarez,* 86 Misc 2d 654, 656). Thus, the conviction for possession of burglar's tools is reversed and that count dismissed. There is no merit to defendant's claim that his sentence is excessive. (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — burglary, third degree, and other offenses.) Present — Dillon, P. J., Hancock, Jr., Doerr, Boomer and Moule, JJ.