■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEE, JR., Appellant. — Judgment, insofar as it imposes sentence, unanimously reversed and otherwise judgment affirmed and defendant remanded to Erie County Court for further proceedings, in accordance with the following memorandum: At sentencing, defendant challenged the validity of a predicate felony conviction stating: "I feel very strongly [that] at the time * * * of my sentencing, I was forced to take a cop-out. I made motions myself in New York City and at the last minute I was forced to take a cop-out to one and one-half to three, because the man was 85 years old". His attorney stated that his client's position was "that the conviction set forth in the People's statement pursuant

to section 400.21 of the Criminal Procedure Law * * * was unconstitutionally obtained." The sentencing court erred in proceeding to sentence defendant as a second felony offender without a hearing on the constitutionality of the prior conviction (see CPL 400.21, subd 7, par [b]; *People v Frett,* 79 AD2d 991; *People v Valvano,* 73 AD2d 653; *People v Ayers,* 70 AD2d 763; *People v Owens,* 58 AD2d 587); the matter accordingly is remitted for such hearing and for resentencing. We have reviewed defendant's other contention and find it to be without merit. (Appeal from judgment of Erie County Court, Dillon, J. — burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.