■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL NOWAK, Appellant. — Judgment unanimously modified, on the law, in accordance with memorandum, and, as modified, affirmed and defendant remanded to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Defendant's conviction for possession of burglar's tools, based on his possession of a duplicate key, must be reversed (*People v Baer*, 96 AD2d 717). Furthermore, the court erred in sentencing defendant as a second felony offender without conducting a hearing after defendant asserted that his earlier conviction had been obtained in violation of his constitutional rights (CPL 400.21, subds 5, 7, par [b]; *People v Lee*, 97 AD2d 946). That shortly before his sentencing, defendant's CPL article 440 motion before another court challenging the earlier conviction was denied is of no moment. The record before us is silent as to what transpired before the CPL article 440 court. The summary denial of defendant's request for a hearing pursuant to CPL 400.21 precludes an informed review by this court of defendant's claim.

We find the court's refusal to charge the statutory definitions of "deprive" and "appropriate" (Penal Law, § 155.00, subds 3, 4) to have been error (see *People v Blacknall*, 63 NY2d 912), although harmless in view of the overwhelming proof of guilt (*People v Crimmins*, 36 NY2d 230). Defendant's remaining assertions of error are without merit. (Appeal from judgment of Supreme Court, Erie County, Kasler, J. — grand larceny, second degree, and other charges.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.