■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL JAMES, Appellant. — Judgment, insofar as it imposes sentence, unanimously reversed, on the law, and otherwise judgment affirmed, and defendant remanded to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: At defendant's sentencing, the prosecutor filed a second felony offender statement alleging that defendant was previously convicted when he was 16 years of age of second degree robbery and third degree grand larceny for a purse snatching. Defendant controverted the validity of that conviction by alleging that his prior felony conviction was unconstitutional because he was denied effective assistance of counsel based upon his attorney's failure to request that he be adjudicated a youthful offender. The sentencing court must hold a hearing if a defendant controverts any allegation in the

prosecutor's second felony offender's statement (CPL 400.21 [5]). A conviction obtained in violation of defendant's constitutional rights cannot be considered a predicate felony for sentencing purposes (*People v Lee,* 97 AD2d 946; *People v Edmond,* 84 AD2d 938). Although defendant has no constitutional right to receive youthful treatment he does have a statutory right to a hearing when he has challenged the constitutionality of the predicate felony conviction (CPL 400.21 [7] [b]; *People v Barrows,* 65 AD2d 625; *People v Fraser,* 54 AD2d 965). The trial court's refusal to conduct a hearing before sentencing defendant as a second felony offender was error and prevented the unique circumstances of defendant's prior representation from being explored (*see, People v Baldi,* 54 NY2d 137, 146). (Appeal from judgment of Supreme Court, Monroe County, Galloway, J. — burglary, third degree, and petit larceny.) Present — Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.