■ The People of the State of New York, Respondent, v Darrell Burch, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 28, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was not legally sufficient to prove the underlying crime of robbery and hence the offense of felony murder. We disagree.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of felony murder beyond a reasonable doubt. On April 4, 1987, the defendant, who was armed with a gun, and his armed codefendants Mario Andre, Darrell Spencer, and Gregg Roach *(see, People v Andre,* 188 AD2d 476; *People v Spencer,* 188 AD2d 498; *People v Roach,* 188 AD2d 494 [all decided herewith]) and another unapprehended person, were in the apartment of Ms. Hayes, one of the People's witnesses. A confrontation occurred between the codefendants and another group, comprised of the deceased Ricardo McClean, his brother Rigoberto McClean, who also testified for the People, and two other persons. Ms. Hayes was also present. The defendant and his three codefendants were involved in two crack-cocaine selling operations run by the codefendant Andre and suspected that the other group was trying to take over their business. One of the operations was, in fact, based in Ms. Hayes' apartment, which she rented to Andre for this purpose at $350 per week.

Suddenly, the codefendant Spencer pulled a sandwich bag filled with vials of crack-cocaine out of Ricardo McClean's shirt pocket and tossed it to his codefendant Andre, who, in turn, threw it to the defendant. Andre then directed his cohorts to shoot Ms. Hayes and the others. The defendant started shooting, as did the other codefendants. Ricardo McClean was mortally wounded and died on the landing of the third floor just outside the apartment. The bag of crack-cocaine vials was never recovered. This evidence established the forcible taking of property (the bag of vials) from the deceased with intent to deprive him permanently thereof, and in the course of the taking, he was shot to death. The defendant intentionally rendered assistance to the codefendants *(see,*

Penal Law § 125.25 [3]; *People v Jackson,* 44 NY2d 935; *People v Corbett,* 162 AD2d 415; *People v Bennett,* 161 AD2d 773; *cf., People v Gladman,* 41 NY2d 123).

We also disagree with the defendant's contention that the verdict was against the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the court erred in failing, in its charge, to elaborate on the meaning of "forcible stealing" is unpreserved for appellate review. At no point during the trial did the defendant request such a charge nor did he object to the charge as given *(see,* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273; *People v Dekle,* 56 NY2d 835, 836-837). In any event, any error in this regard was harmless *(see, People v Spencer,* 188 AD2d 498, *supra* [decided herewith]).

Also unpreserved for appellate review is the contention that the court erred in admitting into evidence a photograph of the decedent's body. While objections were made to the admission of this photograph by the codefendants, the defendant never objected, and cannot derive any benefits from the objections made by the codefendants *(see, People v Buckley,* 75 NY2d 843; *People v Teeter,* 47 NY2d 1002, 1003).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.