■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPENCER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 28, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the court erred in denying his motion to set aside the jury verdict based on alleged jury misconduct. It is well settled that a jury verdict may not be impeached by a juror's post-verdict affidavit *(see, People v Brown,* 48 NY2d 388, 394; *People v Lehrman,* 155 AD2d 693, 694), absent a showing of extraordinary circumstances *(People v Testa,* 61 NY2d 1008, 1009). No such showing was made in this case.

We also disagree with the defendant's contention that the court improperly denied his motion to suppress identification testimony. While showup identification procedures are inherently suggestive *(see, People v Riley,* 70 NY2d 523, 529), the showup conducted in this instance was confirmatory because the identifying witness knew the defendant as a participant in the crack-cocaine operation which precipitated the instant offense *(see, People v Brown,* 161 AD2d 721; *People v Jackson,* 159 AD2d 640, 641; *People v Knight,* 156 AD2d 588, 589). Moreover, and contrary to the defendant's contention, the court's charge on identification was entirely proper.

While the court erred in declining the defendant's request to elaborate in its charge on the "forcible stealing" element of

robbery as requiring the intention to permanently deprive another of property *(see,* Penal Law §§ 160.00, 155.05, 155.00 [3], [4]; *People v Blacknall,* 63 NY2d 912; *People v Zambuto,* 93 AD2d 873), the error was harmless *(People v Nowak,* 105 AD2d 1130).

We have examined the defendant's remaining contentions and find them to be without merit *(see also, People v Burch,* 188 AD2d 479; *People v Andre,* 188 AD2d 476 [both decided herewith]). Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.