■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. KILGORE, Appellant. (Appeal No. 2.) [608 NYS2d 133] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with same Memorandum as in *People v Kilgore* (199 AD2d 1008 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.

■ In the Matter of JAMES GRIFFIN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [608 NYS2d 919] — Judgment unanimously affirmed. Memorandum: In dismissing the CPLR article 78 petition seeking to annul three prison disciplinary determinations rendered 17 to 21 months before commencement of the proceeding, the court properly declined to give petitioner the benefit of the tolling provision of CPLR 208. The record establishes that petitioner was not mentally disabled within four months of the commencement of the proceeding *(see, Barnes v County of Onondaga,* 65 NY2d 664, 666; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C208:1, C208:2, at 386-387). In any event, dismissal is required because petitioner failed to exhaust his administrative remedies *(see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.