■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUJAHID MUMIT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered April 19, 1983, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

At approximately 2:00 P.M. on August 7, 1982, a named female informant spoke to Officer Raymond Brandow of the 75th Precinct, and told him that her husband had pointed a black automatic gun at her and her daughter and told them to leave their home. She told Brandow that her husband sometimes sells incense with his friends at Ashford and New Lots Avenues. She also told him that her husband sometimes passes the gun to his friends and that he would be dressed in Muslim garb. She gave Brandow a photograph of her husband.

Brandow drove by the intersection of Ashford and New Lots Avenues on three occasions during that afternoon with no results. However, when he drove by the intersection a fourth time, at approximately 7:10 P.M., he saw three men dressed in Muslim garb conversing with each other, and carrying bags which appeared to contain incense. Brandow recognized one of the three men from the photograph as the informant's husband. Brandow, a plainclothes officer, called for assistance from uniformed officers. About 45 seconds later, the officers approached the three men at gunpoint and ordered them to put their hands up. The three men were frisked, and one of the uniformed officers found a loaded .25 caliber automatic gun inside the shirt of one of the two other men, to wit, defendant. Defendant was subsequently arrested. At the station house, defendant, after being read his *Miranda* rights, told the officers that the gun was

his, not the informant's husband's, and that he carried it for his own protection. Criminal Term denied defendant's motion to suppress the gun and the statement. Defendant subsequently pleaded guilty to attempted criminal possession of a weapon in the third degree, and was sentenced as a second felony offender to a prison term of 2 to 4 years. We affirm.

The description and information provided by the informant, which were corroborated by Officer Brandow's personal observations at the intersection of Ashford and New Lots Avenues, justified the gunpoint stop and frisk of the three individuals. The officer knew that the informant's husband had threatened his wife several hours earlier with a gun. He was told that the informant's husband would sell incense with his friends at the intersection of Ashford and New Lots Avenues, and that he would occasionally pass the gun to his friends. These specific and articulable facts, coupled with the officers' reasonable belief that their safety was in danger because any one of the three men could have had the gun, justified the gunpoint stop and frisk in this case (see, e.g., *Terry v Ohio,* 392 US 1; *People v Chestnut,* 51 NY2d 14, cert den 449 US 1018; *People v Benjamin,* 51 NY2d 267; *People v Watson,* 96 AD2d 1066; *People v Olsen,* 93 AD2d 824; see, also, *People v Tratch,* 104 AD2d 503).

Defendant's claim regarding the sufficiency of his plea allocution is without merit and is unpreserved for appellate review (see, e.g., *People v Pellegrino,* 60 NY2d 636). Finally, contrary to defendant's contention, he could have contested the constitutionality of his prior felony conviction even though the plea minutes of that conviction were destroyed in a warehouse fire. Having failed to do so, he has waived any allegation of unconstitutionality (CPL 400.21, subd 6; *People v Oliver,* 63 NY2d 973). Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.