■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKY GONZALEZ, Appellant. — Judgment, Supreme Court, New York County (Robert M. Haft, J.), rendered May 13, 1983, convicting defendant, on a plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing him as a

second felony offender to an indeterminate term of 2 to 4 years' imprisonment, unanimously modified, on the law, the facts and in the exercise of discretion, to reverse and vacate the sentence and remand for a predicate felony hearing, with a direction that new counsel be assigned.

Defendant entered his negotiated plea on February 3, 1983, at which time the court stated the intention to sentence him to 2 to 4 years since it appeared that he had a predicate felony on his record. On March 1, the scheduled date for sentencing, defendant indicated a desire to challenge the constitutionality of his guilty plea to the predicate felony. The proceedings were adjourned to March 24, to allow defendant to produce the minutes of that predicate plea proceeding. Inability to obtain those minutes caused further adjournments of the proceedings to April 26, and then to May 13, marked "final". On the latter date, defendant's counsel advised the court that the minutes were not yet available, and "at least another month" would be necessary to obtain them. Counsel informed the court that he had determined, from conversations with defendant and various doctors, that "at or about the time of" that plea, defendant had been under the care of a doctor and a therapist, was taking "300 milligrams of thorazine", and was being treated at Bellevue Hospital, Manhattan State and Bernstein Institute. Justice Haft denied this motion for an additional adjournment, and proceeded to sentence defendant, ruling that defendant was not entitled to more than 3½ months since his plea to substantiate his challenge to the predicate felony.

CPL 400.21 (5) provides that where a defendant controverts an allegation in a predicate felony statement and the uncontroverted allegations are insufficient to support a finding that the defendant has been subjected to a predicate felony conviction, the court is required to hold a hearing. There is some confusion in the record as to the identification of the predicate felony conviction. The file contains a statement of predicate felony conviction, dated February 28, 1983, indicating that defendant had been convicted in New York County of attempted robbery in the second degree on January 20, 1982. However, at the sentencing hearing on May 13, 1983, defendant's counsel, in pleading for one further adjournment, indicated that his difficulty in obtaining the transcript was because the predicate proceedings had taken place "four years ago", in 1979. Whether defense counsel was simply mistaken about the date of the alleged predicate felony or whether he was confused as to two separate prior convictions is unclear. Moreover it is not clear when the predicate felony statement was furnished to defendant.

Plainly there was no waiver of the right to controvert the predicate felony statement. It was clearly being challenged. In light of the possibility that defendant may have been under treatment for mental distress at the time of his prior plea, we believe that an additional adjournment to obtain the minutes of those proceedings for a hearing was warranted (CPL 400.21 [5]). It is noted that the indigent defendant remained in custody throughout these proceedings.

It was inappropriate to relegate defendant, once he obtained the minutes, to a challenge to the predicate conviction under CPL article 440. He should have been afforded an opportunity to obtain the minutes of those proceedings before determining defendant's predicate felony status. A review of the minutes was requisite (*see, People v Chapman,* 98 AD2d 640).

Defendant's appellate counsel, who serves as a judicial hearing officer in Criminal Term of Supreme Court, New York County, is relieved on the remand in order to avoid a conflict of interest (22 NYCRR 122.10 [c]). Concur — Sullivan, J. P., Fein, Milonas and Kassal, JJ.