■ The People of the State of New York, Respondent, v Charles M. De Vorce, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Wood, J.), rendered March 23, 1984, convicting him of rape in the first degree, upon his plea of guilty, and sentencing him, as a second felony offender, to an indeterminate term of 5 to 10 years' imprisonment.

Judgment affirmed.

Defendant challenges his adjudication as a second felony offender, claiming that when he pleaded guilty to the predicate felony, the plea allocution was constitutionally deficient and he was denied the effective assistance of counsel. The transcript of the prior plea proceeding had been destroyed pursuant to Judiciary Law § 297. Nisi prius determined, after a hearing, that defendant's claims were without merit *(see, People v Harris,* 61 NY2d 9). We agree.

A fair assessment of the events which transpired at the prior plea proceeding is not automatically precluded by the absence of a transcript *(see, People v Rivera,* 39 NY2d 519), and defendant may still contest the constitutionality of his prior felony conviction *(see, People v Mumit,* 106 AD2d 411). The record indicates that defendant knowingly, voluntarily and intelligently pleaded guilty, even assuming, arguendo, that he was not specifically apprised of his right to a trial by jury or his right to confront his accusers *(see, People v Harris, supra; People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). Furthermore, defendant was provided meaningful legal representation *(see, People v Baldi,* 54 NY2d 137; *People v Satterfield,* 66 NY2d 796; *People v Natal,* 66 NY2d 802). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.