■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN L. ALLEN, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered September 25, 1986 in Tompkins County, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

In November 1980, defendant pleaded guilty to one count of grand larceny in the third degree in satisfaction of a 31-count indictment, involving her embezzlement of funds, and was sentenced to five years' probation. Defendant did not appeal that conviction.

In February 1986, defendant was charged in a 16-count indictment with embezzling approximately $16,000 from her employer over a 15-month period. In May 1986, while the indictment was pending in the Supreme Court, defendant moved in the County Court of Tompkins County, pursuant to CPL 440.10, for an order vacating the judgment of conviction in the 1980 case, reciting various reasons why she believed she had been denied effective assistance of counsel. While there is matter in the record, particularly a letter from defendant's

then counsel to the District Attorney, which suggests that many of defendant's assertions of counsel's ineffectiveness are indeed baseless, some remain unanswered. On June 9, 1986, defendant pleaded guilty to grand larceny in the third degree in full satisfaction of the 1986 indictment. When the plea was taken, defense counsel advised Supreme Court that a motion to set aside and withdraw the plea which formed the predicate felony was still pending and that, if that motion proved unsuccessful, defense counsel intended to attack the predicate felony upon the filing of a statement by the People. Some two weeks later, County Court denied defendant's CPL 440.10 motion without a hearing and defendant did not appeal.

As promised, prior to sentencing, defendant served a notice of intention to controvert the People's predicate felony statement. Supreme Court, on submitted memoranda of law, was of the view that since only issues of law were raised, a hearing was not required and it issued a decision and order denying defendant's challenge to the 1980 conviction; defendant was subsequently sentenced to 1½ to 3 years' imprisonment. Defendant appeals, charging that it was error for Supreme Court not to have accorded her a predicate felony hearing pursuant to CPL 400.21 (5).

In these circumstances, even though defendant's direct attacks on the 1980 conviction appear to have been exhausted, we are of the view that she should be accorded a right to challenge the prior conviction under CPL 400.21 (5). Defendant controverted the prosecutor's second felony offender's statement, asserting that her conviction had been obtained unconstitutionally for lack of effective counsel. Since a conviction obtained in violation of one's constitutional rights cannot be considered a predicate felony for sentencing purposes *(People v Harris,* 61 NY2d 9, 16), defendant is entitled to have a hearing in which her prior representation can be explored *(see, People v James,* 109 AD2d 1095; *see also, People v Gonzalez,* 108 AD2d 622).

Judgment modified, on the law, by vacating the sentence; matter remitted to the Supreme Court, Tompkins County, for resentencing in accordance with CPL 400.21; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.