■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. SUTLIFF, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 30, 1991, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the fifth degree.

On March 20, 1989, defendant entered a plea of guilty to fifth degree criminal sale of the controlled substance cocaine. He was sentenced as a predicate felon to a term of imprisonment of 2½ to 5 years. On appeal, this court vacated defendant's sentence and remitted the matter to County Court because "defendant was not adequately informed of his right to challenge any statement regarding a predicate felony conviction as required by CPL 400.21" (168 AD2d 745, 746). Upon remittal, defendant controverted the validity of his previous felony conviction* by alleging that it was procured in violation of his constitutional right to counsel. Despite defendant's request for a hearing and for the minutes of his previous plea allocutions, County Court sentenced defendant as a predicate felon to a prison term of 2½ to 5 years. This appeal followed.

---

* Defendant was convicted of three counts of third degree burglary on June 16, 1983.

Defendant contends that it was error to deny his request for a hearing on his challenge to the previous felony conviction. We agree. Defendant was entitled to a hearing *(see,* CPL 400.21 [5]; *People v Longboat,* 154 AD2d 916; *People v Allen,* 135 AD2d 1034, 1035). We reject the People's argument on appeal that County Court's plea colloquy satisfied the hearing requirement, particularly in view of defendant's request for the minutes of his previous plea allocution *(see, People v Gonzalez,* 108 AD2d 622, 623-624; *cf., People v De Vorce,* 115 AD2d 553, 554).

Casey, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for a hearing and resentencing in accordance with CPL 400.21; and, as so modified, affirmed.