■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SOTO, Appellant. [603 NYS2d 446] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered November 4, 1991, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The showup identification was properly admitted into evidence in this case. The defendant contends that the trial court erred when it ruled evidence of Frankhauser's showup identification admissible since such showup took place purportedly at least three hours after the crime while defendant was in police custody and in handcuffs. However, the witness identified the defendant, not only before the showup, but even before defendant's apprehension, when he pointed him out to the police. Thus, the showup identification was merely a confirmation of that prior identification and was admissible on that independent basis *(see, People v Fulmore,* 133 AD2d 169, 170). Further, the witness' detailed description of defendant and the earlier identification showed an ample independent basis for his in-court identification of defendant, which would render any alleged defect in the showup harmless. *(People v Crimmins,* 36 NY2d 230.)

Defendant was detained permissibly by the Housing Police prior to his arrest. The record supports the suppression court's determination that the Housing Police reasonably suspected that defendant was involved in a crime *(People v De Bour,* 40 NY2d 210, 223). Defendant's description had been broadcast in the area and he was detained moments after lacerating his hands as a result of scaling a 15 foot high razor wire fence in order to escape apprehension by another officer.

Defendant's statement to the arresting officer was properly not suppressed even though it was made in response to a question not preceded by *Miranda* warnings. While a defendant is constitutionally entitled to warnings prior to being subject to "custodial interrogation," here defendant was not interrogated to coerce a confession, but rather asked a question designed simply to clarify the situation *(People v Huffman,* 41 NY2d 29, 34).

In any event, in view of the overwhelming evidence of guilt, admission of this statement, even if improper, was harmless *(People v Crimmins, supra).* Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.