■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON MACK, Appellant. [610 NYS2d 502] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppres-

sion hearing; Jay Gold, J., at jury trial and sentence), rendered April 28, 1992, convicting defendant of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 8 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a predicate felony hearing, and otherwise affirmed.

Defendant's conviction arises out of the robbery of money from a restaurant, accomplished with the display of what appeared to be a gun to various restaurant employees. The hearing court properly ruled the showup identification of defendant admissible at trial, as the identification was merely a confirmation of the prior identification of defendant by two complainants who pointed out defendant on the street minutes before he was apprehended inside other premises. In the circumstances, any alleged defect in the showup would be rendered harmless *(People v Soto,* 198 AD2d 38, 39).

The trial court properly denied defendant's request for a missing witness charge in connection with the manager of the restaurant, as there is no showing that the manager's testimony would have contradicted or added to that of the other witnesses, and defendant knew of the manager's identity and of his relocation outside the jurisdiction. The record belies defendant's claim that the trial court's missing witness ruling unfairly limited his summation comments.

At sentencing, the court clearly acknowledged defendant's right to proceed *pro se* and made appropriate inquiry to assure that defendant's waiver of counsel was voluntary and intelligent *(see, People v Slaughter,* 78 NY2d 485, 491). Further, the court appropriately directed that defendant's trial counsel stand by should defendant choose to seek advice, and then properly acknowledged defendant's considered change of mind to accept the representation of his trial counsel during the sentencing procedure *(People v Sawyer,* 57 NY2d 12, 22, *cert denied* 459 US 1178).

Defendant unequivocally stated to the sentencing court that he was innocent of a particular charge to which he had previously pleaded guilty, and that although he had protested his innocence to counsel representing him at the previous plea proceeding, he was advised by that counsel that he had no choice but to plead guilty because he would in any event be convicted based upon his previous criminal record. Such representations constitute a claim that the prior plea had been coerced through ineffective assistance of counsel, and thus

defendant was entitled to a hearing regarding the constitutionality of his prior plea *(see, People v Gonzalez,* 108 AD2d 622). As the uncontroverted allegations in the statement are not sufficient to support a determination that defendant is a persistent violent felony offender, the sentence is vacated and the matter is remanded for a predicate felony hearing pursuant to CPL 400.21 (5), and resentencing. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.