■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ZEOLI, Appellant. [622 NYS2d 991] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Keegan, J.), rendered March 9, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

A review of the record discloses that defendant's negotiated guilty plea was not, as he asserts, the product of duress or coercion, but rather was knowingly, voluntarily and intelligently made, and that County Court did not abuse its discretion by refusing to permit him to withdraw the plea (see, People v Torres, 176 AD2d 417; People v Hayes, 169 AD2d 999, 1000, lv. denied 78 NY2d 955). By pleading guilty, defendant, except as hereafter noted, forfeited the right to challenge his conviction on the various grounds he advances on appeal (see, People v Gerber, 182 AD2d 252, 259-261, lv denied 80 NY2d 1026).

Moreover, at the time of his plea, defendant expressly withdrew all pretrial motions that had been made or could have been made on his behalf (see, People v Andrews, 146 AD2d 787, 787-788) and gave up his right to any and all further appeals or other proceedings in this matter. As a result of this broad and explicit waiver (see, People v Allen, 82 NY2d 761, 763), which we also find to have been voluntarily, knowingly and intelligently made (see, People v Seaberg, 74 NY2d 1, 11), defendant has relinquished his right to appellate review of County Court's denial of his suppression motion (see, People v Williams, 36 NY2d 829, 830, cert denied 423 US 873; People v Torres, supra, at 417; People v Hayes, supra, at 1000).

There is merit, however, in defendant's final contention, that County Court erred in denying him the right to a hearing when he contested the constitutionality of a predicate felony conviction (see, CPL 400.21 [5], [7] [b]). Having specified the particular basis for his claim (see, People v West, 181 AD2d 945; People v Frett, 79 AD2d 991), and requested a transcript of the relevant portion of the previous proceeding, defendant was entitled to a hearing (see, People v Sutliff, 176 AD2d 1033, 1034; People v Allen, 135 AD2d 1034, 1035). Of course, should it be determined that defendant may not be sentenced as a predicate felon, the People would be entitled to move to vacate the plea (see, People v Corey, 88 AD2d 560).

Finally, inasmuch as defendant's claims of error with respect to the conviction have been rejected, and the only matter remaining unresolved is the propriety of the sentence imposed, the order staying execution of the judgment and fixing bail pending appeal will be terminated, and the matter remitted to County Court pursuant to CPL 460.50 (5).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence; matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 400.21 and 460.50 (5); and, as so modified, affirmed.