■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLE ROBERTSON, Appellant. [731 NYS2d 368] —Appeal from

judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered April 12, 2000, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, held in abeyance, and the matter remanded for a predicate felony hearing.

Prior to sentencing, defendant asserted, with sufficient specificity, that his Maryland conviction was obtained unconstitutionally due to the lack of effective assistance of counsel. Defendant also maintains that the crime he was convicted of in Maryland was not that alleged in the predicate felony information. Since a conviction obtained in violation of an individual's constitutional rights cannot be considered a predicate felony for sentencing purposes, defendant is entitled to a hearing to explore his assertions (*People v Mack*, 203 AD2d 131; *People v Allen*, 135 AD2d 1034; *People v Gonzalez*, 108 AD2d 622). He is also entitled to a hearing on the issue of whether his Maryland conviction constitutes a felony conviction under CPL 400.21 (5).

We note that our resolution of the issue concerning defendant's plea withdrawal motion would require a proper determination of whether or not defendant is actually eligible for sentencing as a second felony offender. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.