OPINION OF THE COURT
Herbert Adlerberg, J.
Must a defendant be adjudicated a predicate felony offender *702 for the purpose of enhanced punishment where the predicate crime is based upon a conviction in a foreign jurisdiction, and both the foreign statute and the comparable New York statute (1) are equivalent as to their elements, and (2) authorize a sentence in excess of one year; but the foreign statute deprives the defendant of a defense which might have been available to him under New York law?
For the reasons set forth below, this court answers the question in the affirmative.
On April 22, 1987, the defendant entered a plea of guilty in Supreme Court, New York County, Part N, under a superior court information to an attempt to commit the crime of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), a class E felony, in full satisfaction of all charges pending against him. The original charges arose out of a sale of cocaine by defendant to an undercover police officer on April 16, 1987.
Subsequently, the People filed a predicate felony statement against him seeking the enhanced punishment prescribed by Penal Law § 70.06.[1] The basis of the People’s claim that the defendant is a predicate felony offender is a March 6, 1986 conviction in the United States District Court, Southern District of New York, wherein the defendant pleaded guilty to distributing cocaine within a thousand feet of a school in violation of 21 USC § 841 (a) (1). That statute provides in pertinent part:
"(a) Unlawful acts. Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—
"(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance”.
The sentencing statute, 21 USC § 841 (b) (1) (B), sets forth a maximum term of 15 years for distribution of cocaine, a Schedule II drug.
New York Penal Law § 220.31 under which the defendant entered his plea in the instant case provides: "A person is guilty of criminal sale of a controlled substance in the fifth degree when he knowingly and unlawfully sells a controlled *703 substance.” Criminal sale of a controlled substance in the fifth degree is a class D felony. The sentencing statute, Penal Law § 70.00, authorizes a sentence of up to seven years for a class D felony.
The term "distribute” employed in the Federal statute (21 USC § 802 [11]) means actual, constructive or attempted transfer of a controlled substance and is synonymous with the word "sell” as defined in New York Penal Law § 220.00 (1).
Hence, both statutes authorize a term of imprisonment in excess of one year, and a comparison of the Federal statute with the analogous Penal Law. section indicates that the elements of both are equivalent.
Under applicable New York law, an individual convicted of a felony in a foreign jurisdiction is a second felony offender within the meaning of Penal Law § 70.06 (1) (b) (i)[2] "only if the 'crime’ of which he was 'convicted’ in the other jurisdiction would have amounted to a felony [in New York]”. (People v Olah, 300 NY 96, 98.) "To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime’ (see People v Olah, 300 NY 96, 98).” (People v Gonzalez, 61 NY2d 586, 589.)
Thus, it would appear to be crystal clear that since both statutes authorize a term of imprisonment in excess of one year and the elements of both statutes are equivalent, the defendant must be adjudicated a second felony offender.
However, under the Federal statute upon which the defendant was convicted, the word "distribute” is defined as the "actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship. ” (21 USC § 802 [11], [8] [emphasis supplied].)
The defendant contends that since under Federal law it is not a defense to a charge of distribution of a controlled substance that the defendant was acting as an agent of the buyer, and, since such a claim if successfully raised in New York would constitute a defense to the felony charge (see, *704 People v Roche, 45 NY2d 78; People v Lam Lek Chong, 45 NY2d 64; People v Argibay, 45 NY2d 45), a comparison of both relevant statutes indicates that it is possible to violate the Federal statute under circumstances which would merely constitute misdemeanor possession of a controlled substance under New York law.
The defendant’s point is that the definition of "distribute” under the relevant Federal statute includes a transfer of drugs between a purchaser and his agent, whereas the definition of "sell” under New York law does not include such a transfer. Hence, the defendant argues that where, as here, the foreign statute deprives the defendant of a defense which, if successful, would reduce the charge to a misdemeanor, a conviction under that statute cannot be deemed a predicate felony.
Under applicable New York law, the defense of agency is not set forth by statute, but rather has been developed by a series of decisions in 1978 by the Court of Appeals. (See, People v Roche, supra; People v Lam Lek Chong, supra; People v Argibay, supra.) In deciding whether an agency defense exists the jury must consider a wide variety of factors, among which are: " '(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance’ (People v Gonzalez, 66 AD2d 828).” (People v Bethea, 73 AD2d 920, 921.) If it becomes apparent upon the trial that a reasonable view of the evidence is supportive of the contention that the defendant acted as a mere instrumentality of the buyer (People v Roche, supra, at 86) only then would a defendant be entitled to an agency charge by the court. The People must then disprove the agency defense beyond a reasonable doubt. (People v Berge, 103 AD2d 1041.)
Obviously, in order to determine whether the defendant, who pleaded guilty in the prior matter, could have availed himself of an agency defense if prosecuted in New York it would require a great deal of conjecture and speculation, and most certainly would necessitate a careful reading of the transcript of prior Federal proceedings.
*705 People v Olah (300 NY 96, supra) and its progeny (People v Asch, 107 AD2d 941, 943-944; People v Williams, 100 AD2d 760; People v Burgos, 97 AD2d 826, 827; People v Augle, 87 AD2d 348, 349) mandate only that the sentencing court look to the elements of the two statutes, and in certain limited cases, such as the instant case, to the accusatory instrument.[3] (People v Gonzalez, 61 NY2d 586, supra.)
Olah (supra) does not require an examination of what defenses might or might not have been available to a defendant in the foreign jurisdiction. In a word, Olah does not require the sentencing court to relitigate the prior case, or else it would have required the sentencing court to carefully scrutinize the transcript of the prior proceedings. Under Olah, the statute defines and measures the crime. Elements count; defenses, real or conjectural, do not count.
In the instant matter, by following the defendant’s argument to its logical conclusion, a defendant convicted in United States District Court for distributing cocaine near an elementary school would, upon a subsequent felony conviction a year later in New York, be treated as a virgin offender. People v Olah (supra) does not require, and certainly justice rejects, such a result.
The defendant’s application to sentence the defendant as a first felony offender is in all respects denied, and he will be sentenced as a predicate felony offender.

. Penal Law § 70.06 (3) (e) sets forth the maximum mandatory term of an indeterminate sentence for a second felony offender convicted of a class E felony as at least 3 but no more than 4 years.
Section 70.06 (4) (b) sets forth the minimum mandatory term as one half of the maximum.

. Penal Law § 70.06 (1) (b) (i) provides: "The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state irrespective of whether such sentence was imposed”.

. An exception to the Olah rule (People v Olah, 300 NY 96) permits the sentencing court to go beyond the statute and scrutinize the foreign accusatory instrument where the foreign statute renders criminal not one act but several acts which if committed in New York would in some cases be felonies and in others would constitute only misdemeanors (People v Gonzalez, 61 NY2d 586).
An analysis of the statutory sections reveals that the term "controlled substance” in the Federal jurisdiction includes marihuana. Thus, it is theoretically possible to violate 21 USC § 841 (a) (1) and still commit only a misdemeanor in New York. (Penal Law § 221.40.) Such a situation would trigger the exception to the Olah rule. An examination of the second count of the Federal indictment to which defendant pleaded guilty charges that he and Ernest Baey "unlawfully intentionally and knowingly did distribute and possess with intent to distribute a Schedule II narcotic drug controlled substance, to wit, cocaine, within one thousand feet of * * * Public School 101 * * * located at 141 East 111th Street, New York, New York.”
Thus, an examination of the Federal accusatory instrument establishes that the act to which defendant pleaded guilty would have constituted a felony had the act been prosecuted in New York.