■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 24, 1989, convicting defendant, on his plea of guilty, of manslaughter in the first degree and sentencing him, as a predi-

cate felon, to an indeterminate term of imprisonment of 10 to 20 years, is unanimously affirmed.

On August 16, 1988, the defendant stabbed the decedent five times, after the decedent had made sexual advances towards him. The defendant pleaded guilty to manslaughter in the first degree in exchange for a promised sentence of 8 to 24 years. Prior to sentencing, a predicate felony statement was filed, alleging a Federal conviction for distributing heroin under 21 USC § 841 (a) (1).

Defendant argues that the Federal conviction was improperly considered for enhanced sentencing because, under New York law, it could be considered a felony or a misdemeanor. We do not agree. In order for a foreign conviction to serve as a predicate felony in New York, the conviction must have been for a crime whose elements are equivalent to those of a New York felony. *(People v Gonzalez,* 61 NY2d 586.) Distributing a controlled substance under 21 USC § 841 (a) (1) would be the equivalent of the distribution of a narcotic under Penal Law § 220.39, and thus would constitute a felony under New York law. The court properly sentenced the defendant as a predicate felon. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.