OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Appellate Division has reversed and ordered a new trial on 30 of the 34 counts in the indictment. As conceded by the prosecutor, the Trial Judge had erred in failing to charge the jury on the corroboration requirement for accomplice testimony. The Appellate Division determined that four of the counts were firmly supported by independent evidence and that there was no basis for upsetting the verdict as to those four counts.
We agree that four counts on which defendant remains convicted, the only aspect of the case now before us, were overwhelmingly supported by independent testimonial and documentary evidence which did not require corroboration. The integrity of the verdict as to those counts and of the process leading to the verdict was not legally or prejudicially affected by the instructional error with respect to the 30 counts. We, therefore, agree with the Appellate Division that there is no sufficient basis for disturbing the judgment of conviction reflecting the jury’s verdict as to those four counts.
People v Castillo (47 NY2d 270) has no application here. In Castillo, the prosecutor deliberately interwove identification evidence regarding two separate crimes and the substantive error as to the reversed count certainly tainted the integrity of the jury’s verdict as to the remaining count. In the case now before us, by contrast, the reversal came about by reason of a conceded charge error limited to 30 counts and the Appellate Division had no occasion to consider the adequacy of the proof offered in support of those counts. Unlike Castillo, it cannot be said here that the proof relating to one set of crimes supplemented deficiencies in the proof on key elements of the other (id,., at 275). The proof of the four sustained counts, which did not require corroboration, was freestanding and *915 wholly independent of the testimony with respect to the 30 counts that did require corroboration.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.