■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CASE JR., Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 9, 1989, upon a verdict convicting defendant of two counts of the crime of scheme to defraud in the first degree.

Defendant appeals from his conviction of two counts of the crime of scheme to defraud in the first degree and the concurrent prison sentences imposed of 2 to 4 years, to run consecutive to any terms of imprisonment being served, plus restitution. He challenges his conviction on a myriad of grounds which we address ad seriatim.

Defendant's convictions stem from his use of a business checking account in the name of Ace General Contracting opened at a branch of the First National Bank of Rochester,

located in the Town of Horseheads, Chemung County. Bank employees testified that defendant and his father signed the signature cards for the account on October 15, 1988, making an initial deposit of $2,073 and one other of $41. Defendant was given 11 temporary starter checks and, later, a book of 500 checks for the account. By October 27, 1988 a hold was put on the account and the account was closed on November 4, 1988. Thirty-eight checks were written on the account totaling $9,413.61. Twenty-seven checks were returned for insufficient funds, totaling $7,465.63.

During trial, 18 checks were admitted into evidence, six issued to businesses and the remaining checks issued to Leo Taber, an employee of defendant's, and Tracy White, his paramour. Representatives of the various business concerns testified to receiving the checks, giving value in exchange and having the checks returned without payment. The person cashing the checks was identified by his driver's license, which was verified from police records to be defendant's license. Taber and White each testified that the checks they cashed were given to them by defendant. White, who cashed 11 of the 18 checks in evidence, testified that each was issued by defendant and that the money realized was given to defendant, except for $400 to $500 which she kept. Defendant's father testified, as did Taber, that defendant had sole possession of the checks issued for the account. Defendant's father reclaimed the checkbook from defendant's apartment and destroyed the remaining checks. He testified that defendant told him that he was "on the lam" because of bad checks.

Defendant's contention, that his conviction was not supported by sufficient evidence and was against the weight of the evidence, is not borne out by the record. In reviewing the legal sufficiency of the evidence, it must be viewed in a light most favorable to the People *(see, People v Marin,* 65 NY2d 741). There was more than sufficient evidence to prove that defendant was guilty of the crimes. We also find that the conviction was not clearly against the weight of the evidence *(see, People v Perron,* 172 AD2d 879).

Defendant also urges that there should be a reversal because County Court erred in declaring that White was an accomplice as a matter of law and that this instruction compromised defendant's legal position. Defendant argues that denominating her as an accomplice was detrimental to his defense in that one count of the indictment charged a crime requiring a scheme to defraud 10 or more persons and, if the question had been left to the jury, it is possible that they

could have concluded that she was defendant's victim and not his accomplice. Arguably, under such a scenario defendant would have defrauded only White and not those who cashed the checks presented by her. Thus, no scheme to defraud 10 or more persons would have been established. However, we note that the record discloses that defense counsel concurred that White was an accomplice. Also, defense counsel, in seeking to dismiss the charges, vigorously urged the lack of corroboration of White's testimony as required by CPL 60.22 (2). Finally, defendant failed to object to the instruction when given to the jury. Defendant thus waived the objection. The issue has therefore not been preserved for appellate review (see, People v Van Denburg, 107 AD2d 891) and we decline to review it.

We reach the same conclusion as to defendant's failure to object to County Court's muddled instruction on the second count of the indictment. Even were we to address this issue, while it does appear that the court on several occasions incorrectly advised the jury that Penal Law § 190.65 (1) (b) requires an intent to defraud "one or more persons" rather than "more than one person", the court also stated the elements of the crime correctly several times. In addition, the jury asked for a clarification as to the intent required under the second count to which inquiry the court responded correctly, setting out anew the elements of the crime. The jury thereafter quickly returned with a verdict. It is evident that the confusion as to the elements of the crime was clarified.

Defendant also alleges error in County Court's marshaling of the evidence when it instructed the jury on the necessity of corroborating the testimony of an accomplice. Defendant contends that the court was one-sided in its presentation. However, the record reveals that the court set out the contentions of the People as to what they claimed constituted corroboration. This included the testimony of defendant's father that defendant was "on the lam"; the testimony of witnesses as to the identification procedure used in cashing checks; the testimony as to whom the operator's license used in cashing checks had been issued; and the testimony as to who had possession of the checkbook of the Ace General Contracting account. While the court did not allude to defendant's attack on his father's credibility or that some checks did not have his license number on them, it did later charge the jury that they could consider the father's conviction of crimes on the issue of his credibility. The court also stressed that the jury could reject the People's contentions and should not place any weight on the court's reference to them. Further, defense

counsel was given full opportunity to present defendant's contentions. In view of the fact that defendant's position was fully presented to the jury, we see no prejudice accruing to defendant requiring a reversal in the interest of justice. We also find no error in County Court's *Sandoval* ruling. The court correctly applied the guidelines set out in *People v Sandoval* (34 NY2d 371, 374).

We do find, however, County Court's denial of defendant's request for a hearing as to the validity of a predicate felony conviction to have been error. It has been held that a defendant is entitled to a hearing to explore the issue of ineffective legal representation when he attacks his conviction as unconstitutional on that basis (*see, People v Longboat,* 154 AD2d 916; *People v Allen,* 135 AD2d 1034). Defendant did so here and he was entitled to a hearing on the matter.

Other issues raised by defendant are without merit and we decline to discuss them.

Judgment modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Chemung County for resentencing in accordance with CPL 400.21; and, as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.