■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LUDLOW BROWN, Appellant. [611 NYS2d 606] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 18, 1992, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's assertion that he was improperly sentenced as a prior felony offender based upon his Texas conviction for "possession with intent to deliver" a controlled substance is without merit. An examination of the elements of the Texas felony of which the defendant was convicted clearly demonstrates that it is analogous to the New York felonies of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree (see, Penal Law § 220.06 [1]; § 220.31; *People v Muniz*, 74 NY2d 464, 467-468; *People v Pinella*, 137 Misc 2d 701, *affd* 143 AD2d 1072).

In the case at bar, where the defendant was warned that he would be subject to an enhanced sentence if it was revealed that he had a prior conviction, the sentencing court was under no obligation to offer the defendant the option of withdrawing his plea (see, *People v Mason*, 67 AD2d 747, *affd* 48 NY2d 896; *People v Raife*, 146 AD2d 652; *People v Atkinson*, 127 AD2d 841; *cf.*, *People v Powell*, 105 AD2d 761).

We have examined the defendant's remaining contentions, including his contention that the sentence was excessive, and find them to be without merit. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.