■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO REXACH, Appellant. [633 NYS2d 131] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered December 13, 1993, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

We reject defendant's claim that he was improperly adjudicated a second felony offender because his prior Federal conviction for distributing cocaine within 1,000 feet of a public school was based on a statute (21 USC § 841 [a] [1]; former § 845a [a], now § 860 [a]) that is broader than its New York counterpart criminalizing the sale of a controlled substance in or near

school grounds (Penal Law §§ 220.44, 220.00 [14]). This Court has specifically declined to accept the argument that 21 USC § 841 (a) (1) may not be used to enhance sentence because its requirement of "distribution" is not analogous to the State's requirement of a "sale" (*People v Vasquez*, 167 AD2d 236, *lv denied* 77 NY2d 912), or because, unlike its New York "sale" counterparts, it is not subject to the defense of agency (*People v Pinella*, 137 Misc 2d 701, *affd* 143 AD2d 1072, *lv denied* 73 NY2d 925). Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.