■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESTON HAMILTON, Appellant. [634 NYS2d 211] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered April 15, 1993, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers observed the defendant in the hallway of an apartment building holding a clear plastic bag that contained red-capped vials of a white substance and engaging in what appeared to be a drug transaction with another person. The officers identified themselves and pursued the defendant, who fled into an apartment that was not his residence. One of the officers chased the defendant through the apartment and grabbed his jacket, which slipped off and fell to the ground in the living room. The defendant then fled to the kitchen where the pursuing officer observed him throw the plastic bag with the red-capped vials into a space between the refrigerator and the stove. After the defendant was arrested, the officers returned to the living room, lifted the defendant's jacket from the floor, and discovered underneath it a bag containing, *inter alia,* 102 vials of cocaine.

The hearing court denied the branch of the defendant's omnibus motion which was to suppress the cocaine that was found in the kitchen and the cocaine that was found in the living room. After a trial, the defendant was convicted of criminal possession of a controlled substance in the third degree for his possession of the 49 vials of cocaine that he had discarded in the kitchen. The defendant was acquitted of possession of the 102 vials of cocaine that were recovered from the bag that was found under his jacket in the living room. On appeal, the defendant contends, *inter alia,* that the court erred in denying suppression of the cocaine that was found in the living room. We affirm.

Assuming that the court erred in denying suppression of the

cocaine that was found in the living room, the error was harmless. The record demonstrates that the evidence of the defendant's possession of the cocaine that was found in the kitchen is overwhelming and independent of the evidence with respect to the cocaine that was found in the living room. Under these circumstances, there was no reasonable possibility that the admission of the disputed evidence regarding the cocaine that was found in the living room contributed to the defendant's conviction of criminal possession of the cocaine that was found in the kitchen *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Baghai-Kermani,* 84 NY2d 525, 532; *People v Felton,* 77 NY2d 912, 914).

The defendant's remaining contentions are without merit *(see, People v Alvino,* 71 NY2d 233). Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.