■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN SEARVANCE, Appellant. [654 NYS2d 352] —Judgment,

Supreme Court, New York County (Renee White, J.), rendered August 29, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly sentenced defendant as a second felony offender. Defendant's prior New Jersey conviction, for possession of a controlled substance with intent to distribute within 1,000 feet of school property, was analogous to criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), despite defendant's claim that New Jersey's definition of intent to "distribute" is broader than New York's definition of intent to "sell" (*see, People v Rexach*, 220 AD2d 362, *lv denied* 87 NY2d 924). Further, under the circumstances, the court properly relied on the accusatory instrument, since the New Jersey statute (NJ Stat Annot § 2C:35-7) that defendant violated, renders criminal, not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors (*see, People v Gonzalez*, 61 NY2d 586). Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.