■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALLEN LEE, Also Known as ALLEN LEE, Appellant. [673 NYS2d 905] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 31, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as second felony offender, to a term of 6 years to life, unanimously affirmed.

The court properly sentenced defendant as a second felony offender. Defendant was not entitled to a hearing pursuant to CPL 400.21 (5) since he did not controvert the allegations in the predicate felony statement (CPL 400.21 [4]; *see, People v Gonzalez*, 108 AD2d 622, 623-624). In any event, the court properly rejected defendant's challenges to the sufficiency of the documentation provided by the People with respect to the prior conviction. Defendant's Virginia conviction for distribution of a controlled substance was analogous to criminal sale of a controlled substance under New York law, and the availability of defenses is irrelevant (*People v Searvance*, 236 AD2d 306, *lv denied* 89 NY2d 1041; *People v Rexach*, 220 AD2d 362, *lv denied* 87 NY2d 924). The court properly relied on the accusatory instrument since the Virginia statute (Va Code Annot § 18.2-248 [A]) that defendant violated renders criminal several acts which, if committed in New York, would not all be felonies (*see, People v Gonzalez*, 61 NY2d 586). We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.