OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has been convicted, under separate indictments, of various drug-related felonies and the People in both cases seek to have defendant sentenced as a predicate felon. The People allege that defendant was convicted in North Dakota of sexual imposition (ND Cent Code § 12.1-20-04) and failure to appear after release — bail jumping (ND Cent Code § 12.1-08-05) and these convictions would constitute felonies in New York for enhanced sentencing purposes {see, Penal Law § 70.06). Defendant contends that neither conviction would constitute a felony in New York. Defendant also raised a claim of ineffective counsel on the underlying convictions but withdrew the claim at his last court appearance.
Since that time, however, defendant wrote to the court and asked that he be permitted to pursue the ineffective counsel claim. Because the letter was sent to the court without being copied to either prosecutor, the court returned the letter to defendant with instructions to copy both prosecutors. Defendant *358 has since resubmitted his request with copies to both prosecutors.
Penal Law § 70.06 (1) (b) (i) provides that to constitute a predicate felony conviction the crime in the sister State must be one “for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state”. To determine whether a foreign crime is equivalent to a felony in New York, the court must examine the elements of the foreign statute and compare them to the allegedly analogous Penal Law provision (People v Muniz, 74 NY2d 464; People v Gonzalez, 61 NY2d 586; People v Olah, 300 NY 96). An exception to this rule occurs, and permits the sentencing court to scrutinize the foreign accusatory instrument, where the foreign statute can be violated in more than one way, some of which would be felonies in New York and some of which would only constitute misdemeanors (People v Gonzalez, supra; People ex rel. Gold v Jackson, 5 NY2d 243).
The North Dakota statute at issue provides as follows:
“1. A person is guilty of an offense if, after having been released upon condition or undertaking that he will subsequently appear before a court or judicial officer as required, he willfully fails to appear as required.
“2. The offense is a class C felony if the actor was released in connection with a charge of felony or while awaiting sentence or pending appeal after conviction of any crime. Otherwise, it is a class A misdemeanor.” (ND Cent Code § 12.1-08-05.)
The claimed analogous New York statute provides: “A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.” (Penal Law § 215.56.) Defendant contends that because New York’s bail jumping statute provides a 30-day grace period for an absconding defendant that does not appear in the North Dakota statute, the bail jumping charge in North Dakota cannot serve as a predicate for enhanced sentencing purposes.
A comparison of the bail jumping statutes at issue here leads to the conclusion that the bail jumping conviction in North Dakota would not necessarily constitute a felony in New York. The North Dakota crime is apparently committed as soon as the defendant fails to appear. New York, however, *359 requires a failure to appear within 30 days of the scheduled appearance, which essentially gives a nonappearing defendant a 30-day grace period before his failure to appear becomes a crime (People v Shurn, 50 NY2d 914; People v Eiffel, 81 NY2d 480). Because a comparison of the elements of both statutes establishes that they are not equivalent, the North Dakota bail jumping conviction may not serve as a basis for enhanced sentencing (People v Muniz, supra).
Turning now to defendant’s conviction of sexual imposition, the North Dakota statute provides as follows:
“1. A person who engages in a sexual act or sexual contact with another, or who causes another to engage in a sexual act or sexual contact, is guilty of an offense if the actor compels the other person to submit by any threat that would render a person of reasonable firmness incapable of resisting.
"2. The offense is a class C felony unless the victim is a minor, fifteen years of age or older, in which case it is a class B felony.” (ND Cent Code § 12.1-20-04.)
“ ‘Sexual act’ ” is defined as “Sexual contact between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any other portion of the human body and the penis, anus, or vulva; or the use of an object which comes in contact with the victim’s anus, vulva, or penis” (ND Cent Code § 12.1-20-02 [3]). “ ‘Sexual contact’ ” is defined as “any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires” (ND Cent Code § 12.1-20-02 [4]).
The alleged analogous New York statute, sexual abuse in the first degree (Penal Law 130.65 [1]), provides that “[a] person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact * * * [b]y forcible compulsion”. “ ‘Sexual contáct’ ” is “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.” (Penal Law § 130.00 [3].)
“ ‘Forcible compulsion’ means to compel by either:
“a. the use of physical force; or
“b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.” (Penal Law § 130.00 [8].)
Defendant’s first contention is that a threat that might be sufficient under North Dakota’s statute would not qualify *360 under New York’s. This court disagrees and believes that a threat that suffices under the North Dakota statute would, by definition, constitute a sufficient threat under New York’s statute. It is the reverse that may not always be true.
People v Olah (supra) illustrates the point. In Olah, the defendant had been accused of stealing property worth $200 and was convicted in New Jersey under a provision that applied to any theft of property valued at more than $20. At the time, the threshold for a felony in New York was $100. Although as a factual matter, the particular crime in New Jersey would have constituted a felony in New York, because the statute applied to any theft of property worth more than $20, the crime would not necessarily constitute a felony in New York (People v Olah, supra; see also, People v Muniz, supra). The focus of Olah was on the statute of the sister State, not the particular acts alleged.
Here, the North Dakota crime requires a threat “that would render a person of reasonable firmness incapable of resisting.” (ND Cent Code § 12.1-20-04 [1].) The New York statute does not require a threat to be that severe; the threat of simply a physical injury (i.e., “impairment of physical condition or substantial pain” [Penal Law § 10.00 (9)]) will suffice even if the victim is not a “person of reasonable firmness.” It seems to this court that, if there is a difference between the two States in the “threat” component, the threshold for establishing the qualifying threat is higher in North Dakota than in New York. Thus, the court rejects this aspect of defendant’s challenge.
Defendant also contends that the definition of “sexual contact” in North Dakota differs from that in New York and conduct that constitutes “sexual contact” in North Dakota does not necessarily constitute “sexual contact” in New York. In New York, the touching must occur “for the purpose of gratifying sexual desire of either party” (Penal Law § 130.00 [3]). In North Dakota, the touching must occur “for the purpose of arousing or satisfying sexual or aggressive desires” (ND Cent Code § 12.1-20-02 [4]; emphasis supplied). Thus, claims defendant, a sexual touching for the purpose of satisfying a perpetrator’s aggressive desires could fall within the statute in North Dakota but would not constitute a crime in New York. Therefore, by comparing the elements of the two statutes, defendant alleges that the crime of which he was convicted in North Dakota would not necessarily constitute a felony in New York.
The statutes at issue are quite similar. Both require a touching of the sexual or intimate parts of another and both require *361 (at least) a threat. Where the statutes differ (if they do) is that New York requires that the act be done to satisfy either party’s sexual desire while North Dakota requires the act to be done to satisfy either sexual or aggressive desires. The issue is simply whether that difference is sufficient to reject the People’s application to sentence defendant as a second felony offender.
Construed literally, defendant might have an argument. However, such a construction would lead to an absurd result. A defendant could admit the fact of the prior conviction but claim that he molested the victim to satisfy his violent tendencies. He could then argue that the crime cannot be used for enhanced sentencing purposes because it was not committed to gratify either his or the victim’s sexual desire. While conceding that the modern consensus is that sex crimes are more often crimes of violence rather than crimes of desire, in the absence of any controlling authority this court is not prepared to hold that such a minor difference in the statutes requires rejection of the People’s request for second felony offender sentencing.
Moreover, there are cases that, while not entirely on point, appear to support this court’s conclusion that defendant is a predicate felon. In People v Searvance (236 AD2d 306), the Court rejected a defendant’s claim that the underlying New Jersey statute prohibiting an “intent to distribute” was broader than New York’s “intent to sell” requirement and, thus, should not constitute a predicate felony. In People v Rexach (220 AD2d 362), the Court rejected the same contention based on the Federal statute and also rejected the claim that the New York statute was broader than the Federal statute because the Federal statute was not subject to an agency defense. In People v Jackson (211 AD2d 495), the Court noted that Michigan’s felony assault statute was sufficiently similar to serve as a predicate felony. In People v De Gaspard (170 AD2d 835), the Court held that the fact that it was possible to violate the State felony of criminal possession of a forged instrument without violating the Federal felony of transporting forged securities was an insufficient basis to reject predicate felony sentencing. It thus appears that the statutes need not be precisely identical for enhanced sentencing purposes.
Accordingly, defendant’s legal contention is rejected. However, because defendant has alleged that his North Dakota felony of sexual imposition was the result of ineffective counsel, he is entitled to a hearing on that issue (People v Nolley, 233 AD2d 925; People v Case, 173 AD2d 892). At the hearing, the People must prove the existence of the predicate felony convic *362 tion beyond a reasonable doubt (CPL 400.21 [7] [a]). However, if the prior conviction is established, defendant bears the burden of proving his claim that the conviction was unconstitutionally obtained (CPL 400.21 [7] [b]; People v Harris, 61 NY2d 9).
Accordingly, the clerk is directed to schedule a hearing. Because any finding at the hearing becomes binding (CPL 400.21 [8]), both prosecutors and both defense counsels should be present. Further, Fern Adelstein, who represents defendant on a pending bail jumping charge, should also receive notice of the hearing.