■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE REILLY, Appellant. [711 NYS2d 381] —Judgment, Supreme Court, New York County (Harold Rothwax, J., on dismissal motion; Patricia Williams, J., at suppression hearing; Allen Alpert, J., at nonjury trial and sentence), rendered February 14, 1997, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, and order, same court (John Stackhouse, J.), entered on or about March 18, 1999, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, unanimously affirmed.

Defendant's suppression motion was properly denied. While we would find that defendant had no expectation of privacy in the area where the drugs were recovered, the record also supports the court's finding that when defendant placed a paper bag containing drugs in a hat that was lying on a wall running along a public sidewalk, and walked away until stopped by the police, defendant abandoned the bag (*see, People v Ramirez-Portoreal*, 88 NY2d 99).

Since defendant's prior Federal conviction pursuant to 21 USC § 841 (a) (1) is analogous to a New York felony, defendant was properly adjudicated a second felony offender. We continue to adhere to our previous holdings that the unavailability of the agency defense in a foreign jurisdiction has no bearing on whether a foreign felony qualifies as the equivalent of a New York felony (*see, People v Roach*, 255 AD2d 164, *lv denied* 92 NY2d 1053; *People v Rexach*, 220 AD2d 362, *lv denied* 87 NY2d 924). While the Federal statute encompasses marihuana offenses that would not be felonies in New York, the court properly resorted to the accusatory instrument to determine that defendant's Federal conviction did not involve marihuana (*see, People v Gonzalez*, 61 NY2d 586).

Defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5) (c) was properly denied as untimely. Nothing

prevented defendant from making a timely motion. Instead of making such a motion, defendant chose to plead guilty, and made no motion until months later, after he had withdrawn his plea. Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.