■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILAGROS LOPEZ, Appellant. [730 NYS2d 619] —Judgment unani-

mously affirmed. Memorandum: County Court properly sentenced defendant as a second felony offender based upon her previous conviction in Connecticut of conspiracy to violate that State's Narcotic and Drug Act (*see,* Conn Gen Stat § 53a-48 [a]; § 21a-277 [a]). Because the Connecticut statutes render criminal different acts, "some of which, if committed in New York, would be felonies and some misdemeanors," the court properly considered the allegations in the accusatory instrument (*People ex rel. Goldman v Denno,* 9 NY2d 138, 140; *see, People v Searvance,* 236 AD2d 306, 307, *lv denied* 89 NY2d 1041). Based upon the allegation that defendant participated in a conspiracy "with the intent that conduct constituting the crime of Sale of Cocaine and Heroin be performed," the court properly concluded that the equivalent substantive crime in New York is criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), a class B felony. Under the Penal Law, conspiracy to commit a class B felony constitutes conspiracy in the fourth degree, a class E felony (*see,* Penal Law § 105.10 [1]), and thus defendant was properly sentenced as a second felony offender. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.