■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESUS J. HERNANDEZ, Respondent. [745 NYS2d 698] —Appeal by the People from a sentence of the County Court, Orange County (Berry, J.), imposed October 16, 2001, the sentence being 16 weekends in the Orange County Jail, to run concurrently with a term of probation of five years, upon the defendant's conviction of burglary in the third degree, upon his plea of guilty.

Ordered that the sentence is reversed, on the law, the defendant is adjudicated a second felony offender, and the matter is remitted to the County Court, Orange County, for resentencing of the defendant as a second felony offender.

The People contend that the defendant is a second felony offender based upon his prior conviction in the United States District Court for the Eastern District of New York of the crime of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 USC § 841 (a) (1). The defendant pleaded guilty to that crime and was sentenced to a term of imprisonment of 71 months.

The defendant challenged his status as a second felony offender, contending that his prior federal conviction did not con-

stitute a felony under New York State law. The County Court, in a written decision, determined that "the People have failed to prove that the conduct proscribed by 21 USC 841 (a) (1) and 846, would necessarily constitute the Felony of Conspiracy in the 1st, 2nd, 3rd or 4th Degree under the applicable laws of the State of New York," on the ground that the federal indictment did not allege that the defendant conspired to "sell" the cocaine. We disagree.

The defendant's federal conviction is the equivalent of a conviction under New York law of the crime of conspiracy in the fourth degree, a class E felony (*see* Penal Law § 105.10 [1]). A person is guilty of conspiracy in the fourth degree under Penal Law § 105.10 (1) when he or she agrees with one or more persons to commit a class B or class C felony. The underlying crime under New York law is defined in Penal Law § 220.16 (1), possession of a narcotic drug with intent to sell it, which is a class B felony. The term "distribute" in 21 USC § 841 (a) (1) is the equivalent of the term "sell" under the New York Penal Law (*see People v Rexach,* 220 AD2d 362; *People v Vasquez,* 167 AD2d 236; *Hendley v Clark,* 147 AD2d 347, 349). Cocaine is a narcotic drug listed in Schedule II (b) (4) of Public Health Law § 3306 (*see* Penal Law § 220.00 [7]).

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.