■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BENSTON, Appellant. [798 NYS2d 397]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered July 10, 2002, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, and order, same court (John A.K. Bradley, J.), entered on or about December 15, 2003, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

Since defendant's argument that his South Carolina conviction could not serve as a predicate felony because the statute on which it was based precludes an agency defense was not raised either at sentencing or on the CPL 440.20 motion, it is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would adhere to our previous holdings that the unavailability of the agency defense in a foreign jurisdiction has no bearing on whether a foreign felony qualifies as the equivalent of a New York felony (see People v Reilly, 273 AD2d 143 [2000], lv denied 95 NY2d 937 [2000]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.