■ The People of the State of New York, Respondent, v Rolando Estrada, Appellant. [909 NYS2d 909]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered October 11, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously affirmed.

The court properly adjudicated defendant a second felony offender. Since defendant's prior conviction was under a New Jersey statute that covered separate and distinct types of drug crimes, some but not all of which would be felonies in New York, the court properly referred to the indictment in order to determine that defendant was convicted of the equivalent of a New York felony (*see People v Searvance*, 236 AD2d 306, 307 [1997], *lv denied* 89 NY2d 1041 [1997]). Furthermore, as we have repeatedly stated, "the unavailability of the agency defense in a foreign jurisdiction has no bearing on whether a foreign felony qualifies as the equivalent of a New York felony" (*People v Reilly*, 273 AD2d 143, 143 [2000], *lv denied* 95 NY2d 937 [2000]). Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.