■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RAMOS, Appellant. [41 NYS3d 698]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 14, 2015, convicting defendant, upon his plea of guilty, of auto stripping in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and remanding for resentencing, and otherwise affirmed.

Defendant's 2008 drug conviction under a Florida statute (Fla Stat Ann § 893.13 [1] [a]) that, unlike New York law, contains no element of knowledge that the item at issue was, in fact, the controlled substance the defendant is charged with selling or possessing, did not qualify as a predicate felony conviction. The absence of a scienter element comparable to New York's requirement is clear from both the plain language of the statute and its interpretation by Florida courts (*see e.g. Miller v State*, 35 So 3d 162, 163 [Fla Dist Ct App 2010]). Moreover, in 2002 Florida enacted a clarifying statute (Fla Stat Ann § 893.101) expressly stating that guilty knowledge is not an element of drug offenses, although lack of such knowledge is an affirmative defense. We have considered and rejected the People's arguments to the contrary, including those that rely

on case law that does not reflect the 2002 enactment. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.