People v Porter (2018 NY Slip Op 07056)





People v Porter


2018 NY Slip Op 07056


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7423 3403/14

[*1]The People of the State of New York, Respondent,
v
Richard Porter, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered June 2, 2016, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of seven years, unanimously affirmed.
Defendant's claim that his federal conviction was not the equivalent of a New York felony is unpreserved and waived because there was neither a timely objection before the sentencing court nor was the issue raised by a CPL 440.20 motion (see People v Jurgins, 26 NY3d 607, 611-612 [2015]). It is also unreviewable on direct appeal because of the insufficiency of the record. We decline to review it in the interest of justice.
As an alternate holding, we find, to the extent the existing record permits review, that defendant was properly adjudicated a second felony offender. Defendant's federal conviction pursuant to 21 USC § 841(a)(1) is the equivalent of a New York felony conviction, and each of defendant's claims to the contrary is without merit (see People v Reilly, 273 AD2d 143 [1st Dept 2000], lv denied 95 NY2d 937 [2000]). We see no reason to depart from our previous holdings on this subject.
Regardless of whether defendant made a valid waiver of the right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK