People v Muhammad (2019 NY Slip Op 00386)





People v Muhammad


2019 NY Slip Op 00386


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


2764/14 8161 8160

[*1]The People of the State of New York, Respondent,
v
Mekhi Muhammad, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered May 26, 2016, as amended November 14, 2017, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and attempted robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of eight years, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and remanding for resentencing.
The court properly denied defendant's motion to suppress identification testimony. The record, including lineup photographs, supports the hearing court's finding that the lineups were not unduly suggestive. Discrepancies regarding skin tone and apparent age were not so pronounced as to create a "substantial likelihood that the defendant would be singled out for identification" (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]).
Defendant was incorrectly adjudicated a second felony offender based on his previous conviction under Fla Stat Ann § 893.13(1)(a), because that conviction was not the equivalent of a New York felony. The knowledge element of the Florida statute at the time of defendant's Florida offense was that a defendant "knew of the illicit nature of the items in his possession" (Chicone v Florida, 684 So 2d 736, 744 [Fla 1996]; see also Garcia v Florida, 901 So 2d 788, 793 [Fla 2005]). This was broader than the knowledge requirement under Penal Law § 220.16, which demands proof of "knowledge that the item at issue was, in fact, the controlled substance the defendant is charged with selling or possessing" (People v Ramos, 145 AD3d 432, 433 [1st Dept 2016]). Contrary to the trial court's analysis, the dispositive difference between the knowledge requirements of the Florida and New York statutes was in place at the time of defendant's 1998 Florida conviction. Florida's alteration of its knowledge requirement in 2002 (see Fla Stat Ann § 893.101) has no bearing on our analysis.
In light of this determination, we find it unnecessary to reach defendant's claim that his Florida conviction fails, in various other respects, to qualify as a predicate felony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK