People v Campanioni (2021 NY Slip Op 06105)





People v Campanioni


2021 NY Slip Op 06105


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Ind. No. 1228/17 Appeal No. 14309-14309A Case No. 2019-1202 

[*1]The People of the State of New York, Respondent,
v
Javan Campanioni, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Catherine Taylor Poor of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Order, Supreme Court, New York County (Ann E. Scherzer, J.), entered on or about August 19, 2020, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, the motion granted, the sentence vacated, and the matter remanded for resentencing as a first felony offender. Appeal from judgment, same court and Justice, rendered April 10, 2018, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously dismissed as academic.
Defendant's sentence as a second felony offender should be set aside as based on a nonqualifying predicate felony conviction. Defendant was adjudicated a second felony offender based on a federal conviction for distribution and possession with intent to distribute cocaine under 21 USC § 841(a)(1). That provision is not equivalent to Penal Law § 220.39 because the federal crime has a broader knowledge element, requiring only that the defendant "knowingly or intentionally . . . possess with intent to . . . distribute . . . a controlled substance," as opposed to having particular knowledge of the drug type actually possessed (see People v Muhammad, 168 AD3d 549 [1st Dept 2019], lv denied 33 NY3d 979 [2019]; People v Ramos, 145 AD3d 432 [1st Dept 2016]; United States v Branham, 515 F3d 1268, 1276 [DC Cir 2008]; United States v King, 345 F3d 149, 153 [2d Cir 2003], cert denied 540 US 1167 [2004]). The cases in which this Court has upheld 21 USC § 841(a)(1) as the equivalent of a New York felony did not address this discrepancy in the breadth of the knowledge element; other equivalency issues were raised in those cases (see People v Porter, 165 AD3d 544 [1st Dept 2018], lv denied 32 NY3d 1128 [2018]; People v Reilly, 273 AD2d 143 [1st Dept 2000], lv denied 95 NY2d 937 [2000]; People v Rexach, 220 AD2d 362 [1st Dept 1995], lv denied 87 NY2d 924 [1996]; People v Vasquez, 167 AD2d 236 [1st Dept 1990], lv denied 77 NY2d 912 [1991]).
The People analogize other New York felony offenses to 21 USC § 841(a)(1), however, this newly raised argument on appeal is unpreserved. In any event, the other New York felony offenses cited by the People either do not have broader knowledge requirements than Penal Law § 220.39 or are not analogous to 21 USC § 841(a)(1). The issue of whether defendant's federal conviction may nonetheless be an appropriate predicate felony based on the underlying accusatory instrument (compare
People v Simmons, 196 AD3d 154 [1st Dept 2021]) is not before us on this appeal.
This disposition renders defendant's remaining arguments academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021