People v Dejesus (2025 NY Slip Op 04820)

People v Dejesus

2025 NY Slip Op 04820

Decided on August 28, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 28, 2025

113603
[*1]The People of the State of New York, Respondent,
v
Joel Dejesus, Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline McCaffrey of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (William Little, J.), rendered March 29, 2022, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a firearm in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a firearm in the second degree, with the understanding that County Court would impose a sentence of three years in prison, to be followed by a period of postrelease supervision of either three years or five years, depending on his predicate felony status. County Court thereafter determined that defendant was a second felony offender based upon a prior conviction in New Jersey, and sentenced him to three years in prison, to be followed by five years of postrelease supervision. Defendant appeals, arguing that he was improperly adjudicated a second felony offender.
We affirm. "[A] prior out-of-state conviction qualifies as a predicate felony conviction if it involved 'an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state' " (People v Jurgins, 26 NY3d 607, 613 [2015], quoting Penal Law § 70.06 [1] [b] [i]; accord People v Drayton, 222 AD3d 1045, 1048 [3d Dept 2023], lv denied 41 NY3d 1001 [2024]; see People v Caraballo, 213 AD3d 1142, 1144 [3d Dept 2023]). "Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony" (People v Caraballo, 213 AD3d at 1144-1145 [internal quotation marks and citations omitted]; see People v Muniz, 74 NY2d 464, 467 [1989]; People v Gozdziak, 211 AD3d 1603, 1604 [3d Dept 2022]), and the People bear the burden of establishing that the foreign offense is equivalent to a felony in New York (see People v Gozdziak, 211 AD3d at 1605).
Generally, "this inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York Penal statutes[, and t]he allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments frequently contain nonessential recitals" (People v Muniz, 74 NY2d at 467-468; see People v Drayton, 222 AD3d at 1048; People v Gozdziak, 211 AD3d at 1604).That said, under an exception to the general rule, "the underlying allegations must be considered when the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors or no crime if committed in New York" (People v Jurgins, 26 NY3d at 613 [internal quotation [*2]marks, brackets and citation omitted]; see People v Darby, 235 AD3d 1189, 1191 [3d Dept 2025]). "In such cases, the accusatory recitals may be considered to the extent necessary to isolate and identify the statutory crime of which the defendant was accused" (People v Darby, 235 AD3d at 1191 [internal quotation marks and citations omitted]; see People v Jurgins, 26 NY3d at 613).
The New Jersey statute under which defendant was convicted provides, as relevant here, that "it shall be unlawful for any person knowingly or purposely . . . [t]o manufacture, distribute or dispense, or to possess or have under his [or her] control with intent to manufacture, distribute or dispense, a controlled . . . substance" (NJ Stat Ann § 2C:35-5 [a] [1]). In New York, Penal Law § 220.16 provides, as relevant here, that a person is guilty of criminal possession of a controlled substance in the third degree, a class B felony, "when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]).[FN1] Inasmuch as the New Jersey statute contains elements not found in certain New York statutes, i.e., manufacturing, and encompasses a mix of felony and misdemeanor offenses (see NJ Stat Ann § 2C:35-5), a consideration of the accusatory recitals underlying the New Jersey conviction is warranted to determine whether defendant's conviction was equivalent to a New York felony (see People v Darby , 235 AD3d at 1191; People v Beachum, 154 AD3d 559, 559 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]). Here, the New Jersey accusatory instrument stated that defendant "did unlawfully and knowingly possess with intent to distribute [h]eroin." As such, the accusatory instrument reflects that defendant committed an act that would constitute the felony of criminal possession of a controlled substance in the third degree in New York (see Penal Law § 220.16 [1]; People v Wahhab, 210 AD3d 809, 810 [2d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Beachum, 154 AD3d at 559; People v Marine, 247 AD2d 557, 557 [2d Dept 1998], lv denied 92 NY2d 856 [1998]). As to defendant's remaining contention — that the unavailability of an agency defense in New Jersey precludes his conviction there from serving as a predicate felony — "the unavailability of the agency defense in a foreign jurisdiction has no bearing on whether a foreign felony qualifies as the equivalent of a New York felony" (People v Reilly, 273 AD2d 143, 143 [1st Dept 2000], lv denied 95 NY2d 937 [2000]; see People v Jenkins, 165 AD3d 583, 584 [1st Dept 2018], lv denied 32 NY3d 1173 [2019]; People v Estrada, 78 AD3d 408, 409 [1st Dept 2010], lv denied 16 NY3d 797 [2011]; People v Rexach, 220 AD2d 362, 363 [1st Dept 1995], lv denied 87 NY2d 924 [1996]). In light of the foregoing, County Court properly adjudicated defendant as a second felony offender.
Lynch, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In our view, the term "distribute" in NJ Stat Ann § 2C:35-5 (a) (1) is inclusive of the term "sell" in Penal Law § 220.16 (see NJ Stat Ann § 2C:35-2; Penal Law § 220.00 [1]; see generally People v Hernandez, 296 AD2d 556, 557 [2d Dept 2002], lv denied 98 NY2d 711 [2002]).