People v Jones (2026 NY Slip Op 01857)

People v Jones

2026 NY Slip Op 01857

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Ind. No. 1007/17, 2348/17|Appeal No. 6196|Case No. 2024-07100|

[*1]The People of the State of New York, Appellant,
vMichael Jones, Respondent. 

Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for appellant.
Caprice R. Jenerson, Office of the Appellate Defender, New York (Karen Brill of counsel), for respondent.

Order, Supreme Court, New York County (Angela J. Badamo, J.), entered on or about April 3, 2024, which granted defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, the judgment of resentencing dated May 3, 2024, vacated, and defendant's original sentence as a second felony offender reinstated.
In a series of decisions, beginning with People v Ramos (145 AD3d 432 [1st Dept 2016]), and most recently in People v Campanioni (199 AD3d 474 [1st Dept 2021], lv denied 38 NY3d 926 [2022]), this Court has held that a foreign statute under which a defendant was convicted was not the strict equivalent, for predicate felony sentencing purposes, of a criminal offense in New York under Penal Law article 220, because the "breadth of knowledge" element of the foreign statute was broader than that of a New York counterpart, which we have held to require proof of the defendant's knowledge of the specific type of drug possessed. In the decision on review, Supreme Court properly adhered to these holdings.
In this appeal, the People seek vacatur of a judgment of resentencing dated May 3, 2024, which followed upon Supreme Court's decision that the People had failed to establish the required "strict equivalency" between defendant's foreign conviction under 21 USC § 841(a)(1) and, in this case, criminal possession of a controlled substance under Penal Law § 220.16(1). The People argue that the knowledge requirement of the relevant New York drug possession and sale offenses does not demand proof that the defendant was aware of the specific drug possessed and so that this Court should overrule Campanioni and its antecedents in this regard and find that defendant's federal conviction under 21 USC 841(1)(a) is the strict equivalent of Penal Law § 220.16(1). We are constrained to agree.
In Ramos, the first case in the series, this Court mistakenly equated knowledge of the "nature" of the substance possessed with knowledge of the specific substance possessed. As the People argue, this was at odds with the plain language of Penal Law § 220.39(1), under which a person is guilty of criminal sale of a controlled substance in the third degree "when he knowingly and unlawfully sells . . . a narcotic drug." We now hold that the "nature" of the substance possessed under Penal Law § 220.39(1), and under Penal Law § 220.16(1), the statute at issue in the instance case, is, in accordance with the statutory language, "a narcotic drug." Knowledge of the particular drug possessed is not required. This definition also aligns the knowledge requirement with other decisions of this Court. For example, in People v Martin (153 AD2d 807, 808 [1st Dept 1989], lv denied 74 NY2d 950 [1989]), we held, in a different context, that "Penal Law § 220.16(1) does not distinguish between the types of narcotics possessed, but treats all drugs classified as narcotics interchangeably."
Under the correct definition of the nature of the substance possessed, defendant's federal conviction and Penal Law § 220.16(1) are strictly equivalent. Accordingly, the People are entitled to reinstatement of defendant's original sentence as a second felony offender.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026